UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID H. GRAYLESS, <br> VIGO COUNTY JAIL INMATES IN "P-POD", <br> <br> Plaintiffs, <br> <br> vs. <br> <br> VIGO COUNTY COMMISSIONERS, <br> SHERIFF GREG EWING, <br> DEANDREA K. SMILEY, SGT. YARBROUGH, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:16-cv-281-WTL-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied as presented**. The plaintiff shall have **through August 11, 2016**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on July 6, 2016.

**II.**

The plaintiff requests that this action proceed as a class action. He is entitled to proceed on his own behalf and to assert only his own claims, not those of others. Under *Federal Rules of Civil Procedure* 23(a)(4), "a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others."

The plaintiff is proceeding *pro se* and cannot adequately represent a class action. Therefore class certification is **denied**.

### III.

Here, the plaintiff alleges that his constitutional rights were violated by the defendants because the dayroom in the pod he was assigned was so cold, he and other the inmates could only be in the dayroom for twenty minutes at a time before having to go to their rooms to warm up. He further alleges when defendant Deandrea Smiley visited the pod to inform the inmates she put in a maintenance request to fix the temperature problem, an inmate made a disrespectful remark to her. As a result, Ms. Smiley placed the pod on lockdown.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Vigo County Jail, this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to

include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff's claim is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, and the Indiana Constitution. He seeks monetary and injunctive relief.

### IV. Insufficient Claims

**A.** The plaintiff alleges in the complaint the Vigo County Commissioners run the jail and are responsible for any constitutional deprivation that occurs. The claim against the Vigo County Commissioners is **dismissed** as legally insufficient because it is the Sheriff who is responsible for the care of prisoners within a jail, and a county does not control or direct the manner in which that responsibility is met. *Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir. 1994) ("Marion County has no authority over the Sheriff and his deputies . . . ."); *Weatherholt v. Spencer*

*County*, 639 N.E.2d 354, 357 n.2 (Ind. Ct. App. 1994)("the sheriff is not a representative of the county but he holds a separate office created by the Indiana Constitution.").

**B.** The plaintiff claims his due process rights under the Fourteenth Amendment were violated when his pod was placed on a lockdown without notice. Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing units of the jail, does not violate the guarantee of due process. *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011). This claim is **dismissed**.

**C.** Next, the plaintiff claims that certain defendants violated his equal protection rights when his pod was placed on lockdown without notice. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983). The plaintiff has failed to allege that he was treated unfairly because of his membership in a particular class and therefore does not allege a viable equal protection claim. This claim is **dismissed**.

**D**. Finally, the plaintiff alleges a violation of his rights under the Eighth Amendment based on the cold temperatures in the day room. The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as the plaintiff. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). Conditions of confinement may rise to the level of a constitutional violation only if those conditions involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 298 305 (1991).

The plaintiff's complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the Court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("Not all prison conditions trigger eighth amendment scrutiny, only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

There are no facts that indicate the cold temperatures in the day room existed for an extended period of time and defendant Smiley notified the inmates she had placed a call to maintenance to fix the problem. Moreover, the inmates had a warm place to escape the cold while the temperature in the dayroom was being fixed.

For these reasons, the complaint is **dismissed** for failure to state a claim upon which relief can be granted. However, dismissal of the complaint will not lead to a dismissal of this action at this time. Instead, the plaintiff shall have **through August 11, 2016,** in which **to file an amended complaint.**

## V. Further Proceedings

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each

such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

If an amended complaint is filed as directed, the Court will screen it as required by 28 U.S.C. § 1915A and either dismiss the action or issue whatever other order is warranted. If no amended complaint is filed as directed, the action will be dismissed in its entirety without further notice to the plaintiff.

**IT IS SO ORDERED.**

Date: 7/12/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

David H. Grayless
Vigo County Jail
201 Cherry St.
Terre Haute, IN 4780